THE TOLEDO BAR ASSN. *v.* FELL.

[Cite as Toledo Bar Assn. v. Fell (1977), 51 Ohio St. 2d 33.]

(D. D. No. 77-3—Decided July 6, 1977.)

---

34

*Mr. Maurice D. O'Connell* and *Mr. Robert G. Clayton, Jr.,* for relator.

*Mr. John J. Callahan, Mr. Merritt W. Green, Sr.,* and *Mr. George N. Fell, II,* for respondent.

*Per Curiam.* The board found that Fell (a specialist in the field of Workmen's Compensation law), having understood that it had been the long established practice of the Industrial Commission to deny any claim for permanent-total disability benefits upon notice of the death of the claimant, deliberately withheld information concerning his client's death prior to the hearing on the motion concerning the claim. The board concluded that Fell's primary motive in withholding such information was to gain for himself a fee to which he was not entitled, but yet received.

DR 1-102(A) provides, in part:

"A lawyer shall not.

"* * *

"(5) Engage in conduct that is prejudicial to the administration of justice.

"(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

DR 7-102(A) reads, in part:

"In his representation of a client, a lawyer shall not.

"* * *

"(3) Conceal or knowingly fail to disclose that which he is required by law to reveal."

Having reviewed the testimony taken before the board, as well as the submitted letters and documents, this court concurs with the findings of fact and conclusion of the commission that Fell violated the above provisions of the Code of Professional Responsibility.

It is the judgment of this court that respondent be indefinitely suspended from the practice of law.

*Judgment accordingly.*

HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

O'NEILL, C. J., and W. BROWN, J., not participating.